## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHLOE COOPER, et al.,        ) | |
|            ) | |
|        **Plaintiffs,**      ) | |
|            ) | |
| **v.**            ) | **Case No. 2:10-cv-2634-JAR-KGG** |
|            ) | |
| **REGENT ASSET MANAGEMENT**   ) | |
| **SOLUTIONS - KANSAS, LLC, et al.,**   ) | |
|            ) | |
|        **Defendants.**      ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendants Regent Asset Management Solutions – Kansas, LLC ("Regent Kansas"), Regent Asset Management Solutions North America, LLC ("Regent North America"), Regent Asset Management Solutions, Inc. ("Regent"), Michael C. Scata ("Scata"), and Matt Duprey ("Duprey") (collectively "Defendants"), by and through their counsel of record, and provide the following as their answer to Plaintiffs' Complaint.

## PRELIMINARY STATEMENT

1.       Defendants admit that Regent North America provided third party call center collections, skip tracing, and lawsuit judgment recovery assistance to clients across the United States, and has offices in Overland Park, KS and Phoenix, AZ as alleged in Paragraph 1 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.  All allegations not specifically admitted herein are hereby denied.

2.       The referenced article and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 2 of the Complaint.  To the extent an answer is required, Defendants admit the allegations contained in Paragraph 2 of the Complaint to the extent that they are a consistent recitation of the contents of the article and deny the allegations

to the extent they are inconsistent with or mischaracterize the contents of the article.   All allegations not specifically admitted herein are hereby denied.

3.     Defendants admit that in late spring and early summer of 2010, Regent North America hired collector employees to work in its Overland Park call center, as alleged in Paragraph 3 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.  All allegations not specifically admitted herein are hereby denied.

4.     Defendants admit that Regent North America engaged the services of independent contractors to perform duties related to its collection services, as alleged in Paragraph 4 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.  All allegations not specifically admitted herein are hereby denied.

5.     Defendants admit that Regent North America controlled the manner in which collectors which it classified as employees perform their jobs, provided the location and all equipment necessary to perform their jobs.  Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.   All allegations not specifically admitted herein are hereby denied.

6.     Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint contains conclusions of law to which no answer is required.   To the extent an answer is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit that Plaintiffs are seeking to bring the Complaint as a collective action pursuant to 29 U.S.C. § 216(b), as alleged in Paragraph 8 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, deny that the

purported class of employees are similar, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

## PARTIES

10.      The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 10 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Chloe Cooper is attached to the Complaint, as alleged in Paragraph 10 of the Complaint.  Defendants further admit that Cooper was an employee of Regent North America from August 9, 2010 to September 8, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 10 of the Complaint and, therefore, deny these allegations.

11.      The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 11 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Keith M. Henderson, Jr. is attached to the Complaint, as alleged in Paragraph 11 of the Complaint.  Defendants further admit that Henderson was an employee of Regent North America from August 16, 2010 to September 8, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the

remaining allegations contained in Paragraph 11 of the Complaint and, therefore, deny these allegations.

12.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 12 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Leola Barr is attached to the Complaint, as alleged in Paragraph 12 of the Complaint.  Defendants further admit that Barr was an employee of Regent North America from August 9, 2010 to September 8, 2010, and an independent contractor for Regent North America from September 16, 2010 to September 30, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same. Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, deny these allegations.

13.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 13 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Alfred Baker is attached to the Complaint, as alleged in Paragraph 13 of the Complaint.  Defendants further admit that Baker was an independent contractor for Regent North America from September 20, 2010 to September 30, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, deny these allegations.

14.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 14 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Jamie Robertson is attached to the Complaint, as alleged in Paragraph 14 of the Complaint.  Defendants further admit that Robertson was an employee of Regent North America from July 12, 2010 to September 8, 2010, and an independent contractor for Regent North America for one day on September 16, 2010.   However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, deny these allegations.

15.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 15 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by LaShawnda Lee is attached to the Complaint, as alleged in Paragraph 15 of the Complaint.  Defendants further admit that Lee was an employee of Regent North America from August 9, 2010 to September 8, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same. Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, deny these allegations.

16.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 16 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Jerry L. Duncan is attached to the Complaint, as alleged in Paragraph 16

of the Complaint.  Defendants further admit that Duncan was an independent contractor for Regent North America from September 20, 2010 to September 21, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, deny these allegations.

17.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 17 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Gretchen C. Smith is attached to the Complaint, as alleged in Paragraph 17 of the Complaint.  Defendants further admit that Smith was an employee of Regent North America from June 14, 2010 to September 8, 2010, and an independent contractor for Regent North America for one day on September 17, 2010.   However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, deny these allegations.

18.     The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 18 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Nicholas Parker is attached to the Complaint, as alleged in Paragraph 18 of the Complaint.  Defendants further admit that Parker performed work for Regent North America from July 6, 2010 to November 12, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.

6

Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, deny these allegations.

19.    The referenced "Consent" and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 19 of the Complaint.  To the extent an answer is required, Defendants admit that a document entitled "Consent to Become Party Plaintiff" purportedly signed by Duke W. Barnes is attached to the Complaint, as alleged in Paragraph 19 of the Complaint.  Defendants further admit that Barnes has performed work for Regent North America since June 22, 2010.  However, Defendants are without knowledge to either admit or deny the contents or authenticity of the Consent and, therefore, deny the same.  Defendants are without knowledge to either admit or deny the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, deny these allegations.

20.    Defendants admit that Regent Kansas is a Kansas limited liability company in good standing, as alleged in Paragraph 20 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.    Defendants admit that Regent North America is a Kansas limited liability company in good standing and conducts business in this district, as alleged in Paragraph 21 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.    Defendants admit that Regent is a Colorado corporation in good standing as alleged in Paragraph 22 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that Matt Duprey is the site manager of Regent North America's office located at 7720 West 119th Street, Overland Park, KS 66219, as alleged in Paragraph 24 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

## JURISDICTION AND VENUE

31.     Paragraph 31 of the Complaint contains jurisdictional statements and conclusions of law to which no answer is required.  To the extent an answer is required, Defendants admit that jurisdiction for Plaintiffs' FLSA claims is appropriate in this Court pursuant to 28 U.S.C. § 1331.  Defendants deny Plaintiffs are entitled to relief under the FLSA, and except as specifically admitted herein, deny the allegations of this paragraph.

32.     Paragraph 32 of the Complaint contains jurisdictional statements and conclusions of law to which no answer is required.  To the extent an answer is required, Defendants admit that jurisdiction for Plaintiffs' breach of contract, quantum meruit, and Kansas Wage Payment Act claims is appropriate in this Court pursuant to 28 U.S.C. § 1367.  Defendants deny Plaintiffs are entitled to relief for any of their breach of contract, quantum meruit, and Kansas Wage Payment Act claims, and except as specifically admitted herein, deny the allegations of this paragraph.

33.     Paragraph 33 of the Complaint contains jurisdictional statements and conclusions of law to which no answer is required.  To the extent an answer is required, Defendants admit that this Court has personal jurisdiction over Defendants, but Defendants deny that any unlawful conduct occurred in this district giving rise to the allegations in the Complaint.  Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

34.     Paragraph 34 of the Complaint contains jurisdictional statements and conclusions of law to which no answer is required.  To the extent an answer is required, Defendants do not oppose Plaintiffs' venue choice of this district, but Defendants deny that any unlawful conduct occurred in this district giving rise to the allegations in the Complaint.  Defendants deny the

remaining allegations contained in Paragraph 34 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

## **GENERAL ALLEGATIONS**

35.    Defendants admit that Regent North America operated call centers in Overland Park, Kansas, Phoenix, Arizona, and Las Vegas, Nevada, and maintained a sales office in Murchinson, TX, as alleged in Paragraph 35 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

36.    Defendants admit that Regent North America's Overland Park call center provided collection services on debts such as credit card and other bank products, and educational loans.  Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

37.    The referenced article and its contents speak for itself and, thus, no answer is required to the allegations contained in Paragraph 37 of the Complaint.  To the extent an answer is required, Defendants admit the allegations contained in Paragraph 37 of the Complaint to the extent that they are a consistent recitation of the contents of the article and deny the allegations to the extent they are inconsistent with or mischaracterize the contents of the article.  All allegations not specifically admitted herein are hereby denied.

38.    Defendants admit that Regent North America hired collectors for its Overland Park call center in late spring and early summer of 2010, as alleged in Paragraph 38 of the Complaint.  Defendants further admit that collector's job duties include, but are not limited to, calling individuals on the telephone to inform them of a debt, to collect money on the debt, and

data entry, as alleged in Paragraph 38 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

39.     Paragraph 39 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit that Regent North America provided training to its collectors, as alleged in paragraph 40 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph

41.     Defendants admit that Regent North America hired Plaintiffs as employees who became eligible for certain benefits, as alleged in Paragraph 41 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

42.     Defendants admit that Regent North America compensated Plaintiffs, while they were employees of Regent North America, on an hourly basis and classified them as non-exempt, as alleged in Paragraph 42 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

43.     Defendants admit that Regent North America at one time employed Chloe Cooper as a non-exempt employee where she earned an hourly wage of $8.65 and 10% commissions over a specific threshold, as alleged in Paragraph 43 of the Complaint. Defendants deny the

remaining allegations contained in Paragraph 43 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

44.     Defendants admit that Regent North America at one time employed Keith Henderson Jr. as a non-exempt employee where he earned an hourly wage of $9.75 and 10% commissions over a specific threshold, as alleged in Paragraph 44 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

45.     Defendants admit that Regent North America at one time employed Leola Barr as a non-exempt employee where she earned an hourly wage of $11.53 and 10% commissions over a specific threshold, as alleged in Paragraph 45 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit that Regent North America at one time employed Jamie Robertson as a non-exempt employee where he earned an hourly wage of $14.42 and 10% commissions over a specific threshold, as alleged in Paragraph 47 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

48.     Defendants admit that Regent North America at one time employed LaShawnda Lee as a non-exempt employee where she earned an hourly wage of $12.98 and 10% commissions over a specific threshold, as alleged in Paragraph 48 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants admit that Regent North America at one time employed Gretchen C. Smith as a non-exempt employee where she earned an hourly wage of $14.42 and 10% commissions over a specific threshold, as alleged in Paragraph 50 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

51.     Defendants admit that Regent North America at one time employed Nicholas Parker as a non-exempt employee where he earned an hourly wage of $14.42 and 10% commissions over a specific threshold, as alleged in Paragraph 51 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

52.     Defendants admit that Regent North America at one time employed Duke Barnes as a non-exempt employee where he earned an hourly wage of $11.56 and 10% commissions over a specific threshold, as alleged in Paragraph 52 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

53.     Defendants admit that Regent North America hired employees at its Overland Park, Kansas call center, as alleged in Paragraph 53 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.   Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

54.     Defendants admit that Regent North America provided its employees office facilities and tools to perform their jobs duties, as alleged in Paragraph 54 of the Complaint.

Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

55. Defendants admit that on or about September 7, 2010, Regent North America held a meeting with some of its collector employees after they had clocked in, as alleged in Paragraph 55 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit that some collectors complained about the termination of their employment and the opportunity to work at Regent North America as an independent contractor, as alleged in Paragraph 57 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint. Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint is vague and ambiguous and, thus, Defendants cannot provide an answer to this allegation. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants admit that on or about September 7, 2010, Regent North America met with its collector employees and terminated those employees who did not meet certain performance expectations. Defendants admit that Regent North America offered some of these employees the opportunity to perform services for Regent North America as independent contractors to be paid on a commission basis. Defendants deny the remaining allegations

contained in Paragraph 61 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

62.    Defendants admit that Regent North America had hired some of its independent contractors as employees if the individual met certain performance expectations, as alleged in Paragraph 62 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph

63.    Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.    Defendants admit that Regent North America hired independent contractors and told these independent contractors that they may be eligible to become employees if they met certain performance expectations.  Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.  Except as specifically admitted herein, Defendants deny the allegations in this paragraph.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.    Defendants admit that Regent North America formerly used the services of independent contractors in its other offices, as alleged in Paragraph 68 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.    Paragraph 69 of the Complaint is vague and ambiguous and, thus, Defendants cannot provide an answer to this allegation.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint is vague and ambiguous and, thus, Defendants cannot provide an answer to this allegation.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint is vague and ambiguous and, thus, Defendants cannot provide an answer to this allegation.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

## COLLECTIVE AND CLASS ALLEGATIONS

79.     Defendants admit that Plaintiffs are attempting to bring this matter as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), as alleged in Paragraph 79 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, deny that the purported class of individuals are similar, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.  Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants admit that Plaintiffs are attempting to bring this matter as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), as alleged in Paragraph 81 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, deny that the purported class of individuals are similar, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendants admit that Plaintiffs are attempting to bring breach of contract, quantum meruit, and Kansas Wage Payment Act claims on behalf of themselves and others pursuant to Rule 23 of the Federal Rules of Civil Procedure, as alleged in Paragraph 82 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, deny that the purported class of individuals are similar, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendants are without knowledge to either admit or deny the allegations contained in Paragraph 83 of the Complaint and, thus, deny the same.

84.     Paragraph 84 of the Complaint contains conclusions of law to which no answer is required.   To the extent an answer is required, Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

<u>**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(BROUGHT AGAINST DEFENDANTS BY PLAINTIFFS INDIVIDUALLY AND ON**
**BEHALF OF ALL OTHERS SIMILARLY SITUATED)**</u>

93.     Defendants reassert and incorporate by reference their answers to each and every allegation contained in Paragraphs 1 through 92 of Plaintiffs' Complaint.

94.     Paragraph 94 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants admit that Plaintiffs performed services for Regent North America as independent contractors, as alleged in Paragraph 95 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint is vague and ambiguous and, thus, Defendants cannot provide an answer to this allegation.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants admit that Plaintiffs are attempting to bring this matter as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), as alleged in Paragraph 99 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, deny that the purported class of individuals are similar, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants admit that Plaintiffs are seeking damages for alleged violations of the FLSA, as alleged in Paragraph 103 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 103 of the Complaint.

104.    Defendants admit that Plaintiffs are seeking damages for alleged violations of the FLSA, as alleged in Paragraph 104 of the Complaint, but Defendants deny that they have committed any unlawful practices whatsoever, and deny that they are liable to Plaintiffs or any alleged class members for any alleged damages.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 104 of the Complaint.

WHEREFORE Defendants deny that Plaintiffs and/or any "proposed putative members of the FLSA representative action" are entitled to any relief whatsoever from Defendants in this

matter.  Defendants respectfully requests that the Court dismiss Count I with prejudice, award Defendants their reasonable attorneys' fees to the extent allowed by law and costs, and grant Defendants all other relief as is just and proper.

## COUNT II – BREACH OF CONTRACT
### (BROUGHT AGAINST DEFENDANTS BY PLAINTIFF COOPER INDIVIDUALLY AND AS CLASS REPRESENTATIVE ON BEHALF OF THE CLASS)

105.     Defendants reassert and incorporate by reference their answers to each and every allegation contained in Paragraphs 1 through 104 of Plaintiffs' Complaint.

106.     Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.     Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.     Defendants deny the allegations contained in Paragraph 109 of the Complaint.

WHEREFORE Defendants deny that Plaintiffs and/or any "proposed class members" are entitled to any relief whatsoever from Defendants in this matter.  Defendants respectfully requests that the Court dismiss Count II with prejudice, award Defendants their reasonable attorneys' fees to the extent allowed by law and costs, and grant Defendants all other relief as is just and proper.

## COUNT III – QUANTUM MERUIT
### (BROUGHT AGAINST DEFENDANTS BY PLAINTIFF COOPER INDIVIDUALLY AND AS CLASS REPRESENTATIVE ON BEHALF OF THE CLASS)

110.     Defendants reassert and incorporate by reference their answers to each and every allegation contained in Paragraphs 1 through 109 of Plaintiffs' Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.     Defendants deny the allegations contained in Paragraph 114 of the Complaint.

WHEREFORE Defendants deny that Plaintiffs and/or any "proposed class members" are entitled to any relief whatsoever from Defendants in this matter.  Defendants respectfully requests that the Court dismiss Count III with prejudice, award Defendants their reasonable attorneys' fees to the extent allowed by law and costs, and grant Defendants all other relief as is just and proper.

### COUNT IV – VIOLATION OF THE KANSAS WAGE PAYMENT ACT (BROUGHT AGAINST DEFENDANTS BY PLAINTIFF COOPER INDIVIDUALLY AND AS CLASS REPRESENTATIVE ON BEHALF OF THE CLASS)

115.     Defendants reassert and incorporate by reference their answers to each and every allegation contained in Paragraphs 1 through 114 of Plaintiffs' Complaint.

116.     Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.     Defendants deny the allegations contained in Paragraph 117 of the Complaint.

WHEREFORE Defendants deny that Plaintiffs and/or any "proposed class members" are entitled to any relief whatsoever from Defendants in this matter.  Defendants respectfully requests that the Court dismiss Count IV with prejudice, award Defendants their reasonable attorneys' fees to the extent allowed by law and costs, and grant Defendants all other relief as is just and proper.

### COUNT V – FRAUDULENT MISREPRESENTATION (BROUGHT AGAINST DEFENDANTS BY PLAINTIFF COOPER INDIVIDUALLY AND AS CLASS REPRESENTATIVE ON BEHALF OF THE CLASS)

118.     Defendants reassert and incorporate by reference their answers to each and every allegation contained in Paragraphs 1 through 117 of Plaintiffs' Complaint.

119.     Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants admit that on or about September 7, 2010, Matt Duprey met with Regent North America's collector employees at its call center located at 7720 West 119th Street, Overland Park, Kansas. Defendants deny the remaining allegations contained in Paragraph 121 of the Complaint.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

WHEREFORE Defendants deny that Plaintiffs and/or any "proposed class members" are entitled to any relief whatsoever from Defendants in this matter.   Defendants respectfully requests that the Court dismiss Count V with prejudice, award Defendants their reasonable attorneys' fees to the extent allowed by law and costs, and grant Defendants all other relief as is just and proper.

### COUNT VI – NEGLIGENT MISREPRESENTATION
### (BROUGHT AGAINST DEFENDANTS BY PLAINTIFF COOPER INDIVIDUALLY AND AS CLASS REPRESENTATIVE ON BEHALF OF THE CLASS)

129.    Defendants reassert and incorporate by reference their answers to each and every allegation contained in Paragraphs 1 through 128 of Plaintiffs' Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants admit that on or about September 7, 2010, Matt Duprey met with Regent North America's collector employees at its call center located at 7720 West 119th Street, Overland Park, Kansas. Defendants deny the remaining allegations contained in Paragraph 132 of the Complaint.   Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint.

WHEREFORE Defendants deny that Plaintiffs and/or any "proposed class members" are entitled to any relief whatsoever from Defendants in this matter.   Defendants respectfully requests that the Court dismiss Count VI with prejudice, award Defendants their reasonable attorneys' fees to the extent allowed by law and costs, and grant Defendants all other relief as is just and proper.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Defendants allege the following defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiffs' burden to prove.

1.    Defendants specifically deny each and every material allegation of Plaintiffs' Complaint which is not specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

2.      Plaintiffs' Complaint fails in whole or in part to state a claim upon which relief may be granted.

3.      Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the doctrine of waiver.

4.      Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the doctrine of accord and satisfaction.

5.      Defendants did not employ Plaintiffs or any members of the alleged putative group they purport to represent under the terms of the FLSA or Kansas Wage Payment Act ("KWPA").

6.      Defendants are not "employers" as defined by the either the FLSA or KWPA.

7.      Plaintiffs, and any members of the alleged putative group they purport to represent are not "employees" under the definitions of the FLSA or KWPA.

8.      Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or unclean hands.

9.      The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation.

10.     Plaintiffs and/or the members of the alleged putative group they purport to represent are not entitled to any penalty award under the FLSA or the KWPA because Defendants did not willfully fail to comply with the compensation provisions of the FLSA or the KWPA but rather acted in good faith, and to the extent any violation has occurred, such was nominal and/or Defendants had reasonable grounds for believing they did not violate the FLSA, the KWPA, or other applicable laws.

11.     Because liability and/or damages, if any, to each member of the alleged group Plaintiffs purports to represent may not be determined by a single jury or on a group-wide basis, permitting this action to proceed as a collective or class action would violate Defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

12.     To the extent Plaintiffs and/or the members of the putative group they purport to represent are entitled to any back pay or overtime, the compensation Defendants paid them constituted compensation for all hours worked.

13.     Defendants, at all times, acted in good faith and had reasonable grounds for believing their pay practices complied with the FLSA.

14.     Certain interests of the alleged putative group that Plaintiffs purport to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

15.     The trial of this matter cannot be coherently managed and evidence presented without jury confusion or party prejudice if the case is continued as a collective action.

16.     Plaintiffs are not entitled to bring a collective action under the Fair Labor Standards Act because the putative plaintiffs in such class are not similarly situated to the Plaintiffs or to each other.

17.     Plaintiffs are not entitled to bring a class action under Rule 23 because the putative plaintiffs in such class are not similarly situated to the Plaintiffs or to each other.

18.     The putative plaintiffs cannot proceed collectively under 29. U.S.C. § 216(b) because they are not similarly situated.

19.     The putative plaintiffs cannot proceed as a class under Rule 23 of the Federal Rules of Civil Procedure because they are not similarly situated.

20.    Plaintiffs cannot adequately act as representatives of the purported class.

21.    Plaintiffs' claims are not typical of those of the putative class.

22.    Plaintiff's claims do not involve common issues of law or fact that predominate over the remaining issues of law or fact.

23.    The putative class of plaintiffs is not so numerous that a collective or class action is appropriate.

24.    A collective or class action is not a superior method of resolving the claims of the putative class.

25.    If this action is conditionally certified and includes individuals who were paid a salary, Defendants are entitled to a set-off with respect to every such individual for monies paid in salary for any hours when the Plaintiffs and/or any putative class members were not working.

26.    Plaintiffs and any alleged putative class members failed to use curative steps provided by Defendants to permit them to be compensated for the additional work they allege to have performed.

27.    Plaintiff and/or other alleged putative class members are exempt from the overtime provisions of the FLSA and, thus, are not entitled to overtime.

28.    Individual issues predominate, and therefore a collective or class action is improper.

29.    An award of punitive damages in this case would violate the Constitution of the United States of America and the Constitution of the State of Kansas.

30.    Plaintiff's claim for award of punitive damages is barred because the alleged acts and/or omissions of Defendants, which are denied, do not evidence malicious or reckless conduct, and are not so wonton or willful so as to support an award of punitive damages.

31.     No contract, either express or implied, existed between Plaintiffs and Defendants.

32.     In the event a contract is deemed to exists between any Plaintiff and Defendants, which Defendants expressly deny, Defendants fulfilled and performed all obligations under the contract.

33.     Defendants compensated Plaintiffs and any alleged similarly situated individual for all time worked.

34.     Defendants, neither intentionally nor negligently, made any untrue statements or misrepresentations to Plaintiffs or any alleged similarly situated individual regarding their employment or independent contractor status.

35.     Defendants, neither intentionally nor negligently, made any untrue statements or misrepresentations to Plaintiffs or any alleged similarly situated individual with the intent to deceive or with a reckless disregard for the truth.

36.     Defendants reserve the right to amend their pleadings to assert additional affirmative defenses, including the affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as such as become known or are ascertained through the course of discovery.

WHEREFORE, Defendants request that the Court deny all of Plaintiffs' requests for relief, dismiss all of Plaintiffs' claims, award Defendants their attorneys' fees and costs, and award Defendants all further relief to which they are entitled.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all causes of action and claims in this matter.

Respectfully submitted,

POLSINELLI SHUGHART PC


By:   ___/s/ Robert J. Hingula_____
        JAMES C. SULLIVAN (#70453)
        ROBERT J. HINGULA  (#22203)
        Twelve Wyandotte Plaza
        120 W. 12th Street
        Kansas City, MO 64105
        (816) 421-3355
        Fax No. (816) 374-0509
        jsullivan@polsinelli.com
        rhingula@polsinelli.com

        ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

        I hereby certify that on January 12, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

        Rowdy B. Meeks, Esq.
        Rowdy Meeks Legal Group, LLC
        4717 Grand Ave., Suite 840
        Kansas City, MO 64112
        816-531-2277
        816-531-7722 (fax)
        Rowdy.Meeks@rmlegalgroup.com
        ATTORNEYS FOR PLAINTIFFS


        ___/s/ Robert J. Hingula_____

1906300.01