IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHLOE COOPER, et al.,         )
                                   )
         Plaintiffs,      )
                                   )
On behalf of themselves and all others )
similarly situated,                )
                                   )
vs.                            )     Case No. 10-2634-JAR-KGG
                                   )
REGENT ASSET MANAGEMENT    )
SOLUTIONS–KANSAS, LLC, et al.,   )
                                 )
         Defendants.     )
                                 )

## MEMORANDUM AND ORDER

On October 25, 2011, Magistrate Judge Gale conducted a telephonic scheduling conference with the parties. Plaintiffs appeared through counsel Rowdy Meeks. Defendants Matt Duprey and Michael Scata appeared pro se. The record does not reflect that Defendants Regent Asset Management Solutions-Kansas, LLC, Regent Asset Management Solutions North America, LLC, and Regent Asset Management Solutions, Inc. appeared. These three corporate defendants have been without counsel since August 3, 2011. The case was stayed prior to the October 25 scheduling conference in order to provide Defendants with a period of time to obtain counsel given the well-established rule that business entities may only appear in court by a licensed attorney.[1]

---

[1] *Tal v. Hogan*, 453 F.3d 1244, 1255 (10th Cir. 2006); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556–57 (10th Cir. 2001).

The minute entry for the October 25 scheduling conference indicates that Plaintiffs were directed to file a motion for leave to amend the complaint and add parties by November 8, 2011. The scheduling conference was continued "pending service on new parties or denial of motion to amend/add, at which time plaintiffs' counsel will contact court for new scheduling conference date."[2]

Plaintiffs moved for leave to amend by the deadline, which was granted on November 23, 2011 (Doc. 30).  The Amended Complaint was filed on December 2, 2011, adding Defendant Imperial Recovery Partners, LLC.  The record does not reflect that service of summons or the Amended Complaint has been accomplished on Defendants.  In fact, the record is devoid of any action since the Amended Complaint was filed.  Therefore, on May 18, 2012, this Court ordered Plaintiffs to show cause why this case should not be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b).

Plaintiffs responded to the Order to Show Cause on May 30, 2012.  Plaintiffs complain that Defendants are pro se and have not responded to the Amended Complaint.  Plaintiffs assert that they complied with Fed. R. Civ. P. 5(b)(2)(C) by serving the defendants by regular first class mail, attaching as proof of service copies of the cover letter sent to each Defendant stating that the copy of the Amended Complaint was enclosed.  But Plaintiffs submit no evidence that service was actually accomplished.  Plaintiffs do not submit return receipts or returns of summons, nor does the Amended Complaint include a certificate of service.  Therefore, there is still no record before the Court showing that Defendants were in fact served within 120 days of

---

[2]Minute Order (Oct. 25, 2011).

service of the Complaint under Rule 4(m).  Because the Answer deadline runs from the date of service, the Court likewise can not determine when the Answer was due without proof of the date that service was accomplished.[3]

Under Rule 4(m), the Court has broad discretion to allow an extension of time for service, even if the plaintiff has not shown good cause.[4]  Good cause "serves merely as an exception to the general provision by delineating a situation in which an extension of time is *mandatory*."[5]  Yet, Plaintiffs do not seek an extension of time, nor do they attempt to establish good cause or that a permissive extension of time is warranted.  In the absence of such a motion, the Court declines to rule as to whether an extension of time is warranted.

Finally, Plaintiffs embed in the response to the show cause order a request for dismissal of Defendant Imperial Recover Partners, LLC.  Again, this request is not properly before the Court and Plaintiffs are directed to Rule 41, governing dismissal of parties and actions.

Despite Plaintiffs' deficiencies in responding the Order to Show Cause, the Court will allow Plaintiffs an additional seven (7) days to provide the Court with the necessary submissions to either (1) find that service was accomplished on Defendants; or (2) extend the time for Plaintiffs to accomplish service.  Otherwise, this case will be dismissed without prejudice for failure to accomplish service under Rule 4(m).

**IT IS THEREFORE ORDERED** that Plaintiffs may file a supplemental response to the Court's May 18, 2012 Order to Show Cause within seven (7) days of this Memorandum and

---

[3]Fed. R. Civ. P. 12(a)(1)(A).

[4]Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).

[5]*Espinoza*, 52 F.3d at 841 (citation omitted).

Order.

**IT IS SO ORDERED.**

Dated: <u>June 1, 2012</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
