# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHLOE COOPER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **On behalf of themselves and all others** ) | |
| **similarly situated,** ) | |
| ) | |
| **vs.** ) | **Case No. 10-2634-JAR-KGG** |
| ) | |
| **REGENT ASSET MANAGEMENT** ) | |
| **SOLUTIONS–KANSAS, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the following motions filed by Defendants Matt Duprey and Michael Scata: (1) Motion to Intervene on Behalf of Regent Asset Management Solutions, Inc.; Regent Asset Management Solutions North America and Regent Asset Management Solutions Kansas (Doc. 40); and (2) Pro Se Motions to Set Aside Clerks Entry of Default (Docs. 41, 42, 43) on behalf of the corporate Defendants and each individual Defendant.  Plaintiffs have responded and oppose the motions.  As discussed more fully below, the Court denies the motion to intervene as moot, strikes the motion to set aside default as to the corporate Defendants, and grants the pro se individual Defendants' motion to set aside default and file their Amended Answers out of time.

*Background*

On October 25, 2011, Magistrate Judge Gale conducted a telephonic scheduling conference with the parties.  Plaintiffs appeared through counsel Rowdy Meeks.  Defendants

Matt Duprey and Michael Scata appeared pro se.  Defendants Regent Asset Management Solutions-Kansas, LLC, Regent Asset Management Solutions North America, LLC, and Regent Asset Management Solutions, Inc. (collectively "RAMS") did not appear.  The three corporate Defendants have been without counsel since August 3, 2011—over one year.  It appears that the case was stayed prior to the October 25 scheduling conference in order to provide Defendants with a period of time to obtain counsel given the well-established rule that business entities may only appear in court by a licensed attorney.[1]  The RAMS Defendants never did retain counsel.

The minute entry for the October 25 scheduling conference indicates that Plaintiffs were directed to file a motion for leave to amend the complaint and add parties by November 8, 2011. The scheduling conference was continued "pending service on new parties or denial of motion to amend/add, at which time plaintiffs' counsel will contact court for new scheduling conference date."[2]

Plaintiffs moved for leave to amend by the deadline, which was granted on November 23, 2011 (Doc. 30).  The Amended Complaint was filed on December 2, 2011; it added another series of class claims based on new allegations of unlawful time clock rounding and purported to add a new party, Imperial Recovery Partners, LLC.[3]  Plaintiffs served Defendants by regular first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(C).  Because Defendants did not answer within twenty-one days of service of the Amended Complaint, the Clerk entered default under Fed. R.

---

[1] *See Tal v. Hogan*, 453 F.3d 1244, 1255 (10th Cir. 2006); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556–57 (10th Cir. 2001).

[2] Minute Order (Oct. 25, 2011).

[3] Although Defendant Imperial Recovery Partners LLC was named in the Amended Complaint, it was never served and Plaintiffs eventually dismissed it as a party.  *See* Docs. 37, 38.

2

Civ. P. 55(a) against Defendants Regent Asset Management Solutions – Kansas, LLC, Regent Asset Management Solutions North America, LLC, Regent Asset Management Solutions, Inc., Michael Scata, and Matt Duprey.

***Motion to Intervene and Motion to Set Aside as to RAMS***

Defendants Scata and Duprey responded to the Clerks Entry of Default with several filings. First, they ask to "intervene on behalf of" RAMS under Rule 24. But Defendants misunderstand Rule 24. Rule 24 permits intervention of parties, it does not govern representation of existing parties. Scata and Duprey are already named as defendants in this action in their individual capacities, so granting them leave to intervene would be an exercise in futility. RAMS has been without counsel since August 3, 2011. In his Order allowing Defendants' counsel to withdraw, Judge Gale warned Defendants that business entities may not appear pro se and provided them with a period of time to obtain counsel. They failed to do so, and over one year has now passed. Accordingly, Scata and Duprey's motion to set aside default on the RAMS Defendants' behalf is unavailing and that motion (Doc. 40) shall be stricken.

***Motion to Set Aside Entry of Default as to Scata and Duprey***

The Court proceeds to consider the motions to set aside entry of default filed by Scata and Duprey in their individual capacities. They argue that they did not understand that the federal rules required them to file an Amended Answer since the Amended Complaint did not change the allegations against them as compared to the Original Complaint. Under Rule 55(c), the Court may set aside a clerk's entry of default if good cause is shown. When making this determination, the Court must consider "whether the default was willful, whether setting it aside

would prejudice the adversary, and whether a meritorious defense is presented."[4]  The Court

need not consider all of these factors, but is mindful that "willful failure alone may constitute

sufficient cause for the court to deny the motion."[5]  The Tenth Circuit has counseled that

> default judgment must normally be viewed as available only when
> the adversary process has been halted because of an essentially
> unresponsive party.  In that instance, the diligent party must be
> protected lest he be faced with interminable delay and continued
> uncertainty as to his rights.  The default judgment remedy serves
> as such a protection.[6]

The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits

and not by default judgment.'"[7] The good cause standard in Rule 55(c) is a lesser standard than

the excusable neglect standard that applies to a motion for relief from judgment under Rule

60(b).[8]

      With respect to willfulness, a defendant's conduct is considered culpable if he defaulted

willfully or has no excuse for the default.[9]  Scata and Duprey argue that they did not believe they

were required to answer under the federal rules because the Amended Complaint did not add any

new claims against them.  They believed they could stand by the Answers to the Original

Complaint, filed on January 12, 2011, by their previous counsel.  Defendants are mistaken that

---

[4]*See, e.g., Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[5]*Id.*

[6]*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

[7]*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[8]*Id.*

[9]*United States v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).

the Amended Complaint did not add any new claims against them—it adds an entirely new class of individuals based on new allegations of unlawful time clock rounding. The original Complaint was based solely on Defendants' classification of Plaintiffs as independent contractors. But according to their motion, the Amended Complaint appeared to them only to add a party, not to add claims to existing parties, so the Court cannot find that the failure to answer the amended complaint was necessarily willful.

The Court next considers prejudice to the opposing party. Plaintiffs have suffered prejudice related to the time and expense associated with filing the motion to set aside—Plaintiffs argue that they have already been forced to litigate this case for over two years due to Defendants' counsel withdrawing on the eve of mediation, after the case had already been stayed for a period of time. The Court agrees that Plaintiffs have suffered prejudice based on the delay by Defendants, both in refusing to participate in mediation after obtaining an extension of time to conduct mediation, and in failing to answer the amended complaint. But the Court notes that this most recent delay after the Amended Complaint was filed is partially attributable to Plaintiffs—the October 25, 2011 Minute Order makes clear that Plaintiffs were to contact the Court for a scheduling conference after either service on the new parties, or the denial of a motion to amend. They failed to do so, necessitating an Order to Show Cause after the answer deadline expired. The Court does not find that this factor weighs strongly in favor of either party.

Defendants Scata and Duprey's motions also seek leave to answer out of time and attach proposed answers to the Amended Complaint. Determining that Defendants assert a meritorious defense requires more than general denials, it "requires a sufficient elaboration of facts to permit

5

the trial court to judge whether the defense, if movant's version were believed, would be meritorious.'"[10] Plaintiffs complain that the proposed Answer is simply a copy of the original answer filed by previous counsel that fails to address the time clock class claims alleged in the Amended Complaint. But the Amended Answer responds to each paragraph of the Amended Complaint, including the new class time keeping allegations. Scata and Duprey assert general denials to many of the claims, but also assert several affirmative defenses that, if true, would be meritorious.

In the absence of evidence that Scata and Duprey's failure to respond was willful, the Court finds that the good cause factors counsel in favor of setting aside entry of default against the individual defendants, Scata and Duprey.

### Motion for Leave to File Answer Out of Time

A request to file out of time requires a showing of excusable neglect.[11] Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[12] The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including, (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable

---

[10]*Crutcher*, 205 F.R.D. at 585.

[11]*See* Fed. R. Civ. P. 6(b)(1)(B); D. Kan. R. 6.1(a).

[12]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

neglect, and (4) whether that party acted in good faith.[13]

The Court has already considered the length of delay and the prejudice involved in Defendants' failure to answer the Amended Complaint.  While this delay caused some prejudice, the delay was amplified by Plaintiffs' failure to seek relief until the Court issued an Order to Show Cause.  Despite the fact that Defendants were apparently served on December 2, 2011, nothing was filed and Plaintiffs failed to contact the Court for a scheduling conference setting. Defendants contend that their lack of familiarity with the federal rules, as pro se litigants, caused them to mistakenly believe they need not answer the Amended Complaint.   The Court finds that under the circumstances of this case, Defendants have shown excusable neglect and the Court will allow them to file their Answer out of time.  While the Court finds Defendants' ignorance of the rules probative of Defendants' good faith in failing to answer, they are reminded that pro se litigants are not excused from complying with the rules of the court and are subject to the consequences of noncompliance.[14]   The Court admonishes Defendants that while default will be set aside and they are granted leave to filed Amended Answers out of Time, they may not appear at their pleasure and they are subject to the Federal Rules of Civil Procedure, as well as the local rules for the United States District Court for the District of Kansas.

**IT IS THEREFORE ORDERED** that the Motion to Intervene on Behalf of Regent Asset Management Solutions, Inc.; Regent Asset Management Solutions North America and

---

[13]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[14]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

7

Regent Asset Management Solutions Kansas (Doc. 40) is **denied**; and Defendant Scata and

Duprey's Pro Se Motions to Set Aside Clerks Entry of Default (Docs. 42, 43) are **granted**;

      **IT IS FURTHER ORDERED** that the Motion to Set Aside Default as to the RAMS

Defendants (Doc. 41) is **stricken**;

      **IT IS FURTHER ORDERED** that Defendants Scata and Duprey's Motions to File

Amended Answers Out of Time (Docs. 42, 43) are **granted**.  **Defendants shall file the**

**Amended Answers attached to each of their motions within ten (10) days**.

      **IT IS SO ORDERED.**

Dated: August 7, 2012

                                            S/ Julie A. Robinson

                                            JULIE A. ROBINSON

                                            UNITED STATES DISTRICT JUDGE